[No. 5386.]

POLLARD, ADMINISTRATRIX, v. SAYRE.

**Contracts—Construction**—The lease of a mining claim provided that the lessee should be entitled to purchase the property upon the payment of $20,000.00 within three years. A deed .executed by the lessors was deposited in escrow with a copy of the lease. At the same time, the lessees delivered to the bank a writing directing delivery of the deed on payment of $17,500.00. These papers are to be construed as one. An assignment by the lessee of his lease and option of purchase, without any reservation, entitles the assignee to purchase the property .for $17,-500.00.—(201, 202)ₐ

*Appeal from Denver District Court—*Hon. SAMUEL L. CARPENTER, Judge.

Messrs. MORRISON & DE SOTO, for appellant.

Mr. H. M. ORAHOOD, Mr. JOHN P. HEISLER, and Mr. G. I. CHITTENDEN, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Appellant (plaintiff below) sues as the administratrix of Charles W. Pollard, deceased.

November 23, 1899, appellees Sayre and Cocks (*nee* Queen), the owners of two mining claims in Gilpin county, executed and delivered to Pollard a mining lease in writing for the term of three years from date, which contained the usual covenants, and also an option to Pollard to purchase the property at the sum of $20,000.00 if paid within the third year of the life of the lease. The same date appellees executed a mining deed conveying to Pollard the mining claims described in the lease. The same date, the mining deed was deposited in escrow in the Rocky Mountain National Bank with the following letter of instructions to the bank, signed by appellees Sayre and Cocks:

"To the Rocky Mountain National Bank,
          "Central City, Colorado.

"Herewith enclosed find deed from the under-signed Charles W. Pollard, conveying the Hampton and Rainbow lodes, in Russell Mining District, Gilpin County, Colorado.

"This deed is to be held by you in escrow subject to delivery to said Pollard, his heirs, or assigns, upon their complying with the conditions of a lease of said property, executed by us to said Pollard 1st Dec., 1899, copy of which is enclosed herewith.

"Upon payment of any sum as therein provided, one-half thereof is to be placed to the credit of each of the undersigned.
          "Denver, Colo., November 23, 1899."

The same date, the following letter, signed by appellees, was addressed to the bank and presumably enclosed with the other escrow papers, as the letter so states, although there is no direct evidence upon this point:

"To the Rocky Mountain National Bank,
          "Central City, Colorado.

"In the matter of the Escrow of the Hampton and Rainbow Lodes lease and deed herewith enclosed. In case of consummation of sale under terms contained in said papers, you are hereby authorized to receive from said C. W. Pollard, his heirs or assigns, a sum of $2,500.00 less than that designated in the agreement of purchase, as payment in full, and are hereby authorized to deliver the deed upon such reduced payment. The balance to be deposited, one-half to the credit of each of the undersigned.
          "Denver, Colorado."

June 12th, 1900, Pollard, by endorsement in writing on the back of the lease and option to pur-

chase, assigned the same to appellee Chittenden in the following words:

"For and in consideration of the sum of one hundred dollars, to me in hand paid by William H. Chittenden, the receipt whereof is hereby acknowledged, and the further sum of two hundred dollars to be paid to me, my executors, administrators or assigns, within three months from the date hereof, and the further sum of two hundred dollars to be paid to me, my executors, administrators or assigns, within six months from the date hereof, and the further sum of five hundred dollars to be paid to me, my executors, administrators or assigns within nine months from the date hereof, I hereby sell, assign, transfer and convey to said Chittenden the within bond and lease, and all my right, title and interest therein, and all my right, title and interest in and to the real estate therein described. All deferred payments to be deposited in the Rocky Mountain National Bank of Central City, to the credit of Charles W. Pollard.

"It is hereby agreed that no personal liability shall attach to said Chittenden for any of said deferred payments, and that it shall be optional with him whether he shall make the same or any of them, but if any of said sums are not paid, then all rights acquired by said Chittenden by virtue hereof in and to the within bond and lease and in and to the real estate therein described shall become forfeited, and all payments theretofore made by said Chittenden shall be likewise forfeited to me, and the above assignment and conveyance become null and void.

"*In Witness Whereof,* I have hereunto set my hand and seal this twelfth day of June, 1900.

"Witness:        "CHARLES W. POLLARD.    (Seal.)

"MRS. C. W. POLLARD.

"B. BENIMA."

June 19, 1900, the lease and option to purchase, with the assignment endorsed thereon, were filed for record in the clerk and recorder's office of Gilpin county.

June 12th, 1900, Pollard also signed, acknowledged and delivered to Chittenden a warranty deed conveying to Chittenden "all the following described real estate situated in the Russell Mining District, in the County of Gilpin and State of Colorado, to-wit:

"The Hampton Lode Mining Claim, United States Mineral Survey Number 581; and the Rainbow Lode Mining Claim, United States Mineral Survey Number 770,"
being the property covered by the lease and option to purchase and the mining deed from appellees Sayre and Cocks to Pollard.

December 13th, 1902, a short verbal extension of the option to purchase having been granted, Chittenden deposited in the bank $17,500.00 to the credit of appellees Sayre and Cocks, and received from the bank the deed from Sayre and Cocks to Pollard, which deed, together with a warranty deed from Pollard to Chittenden, was filed for record the same date.

The complaint herein alleges the ownership of the property by Sayre and Cocks, the execution of the lease and option to purchase, and then proceeds:

"At the same time, it was agreed between the said Charles W. Pollard and the said Hal Sayre and Ella J. Queen that if the said sale was perfected under said written option, they were to pay him out of the proceeds of the sale the sum of twenty-five hundred dollars ($2,500.00), as a commission in consideration of his labor and expenditure in developing the property, placing the same in condition for sale and finding a purchaser therefor.   *  *  *

"That at the same time, the right of said Pollard to the said commission was expressed in .writing in the form of instructions to the said bank, said writing being in words and figures as follows, to-wit:"

Then follows a copy of the instructions to the bank to receive from Pollard $2,500.00 less than the sum designated in the option to purchase, which is hereinbefore set forth in full.

Then follow averments in the complaint to the effect that Sayre and Cocks knew of the assignment by Pollard to Chittenden, and that thereby Pollard did not assign to Chittenden the commission, and that they (Sayre and Cocks) acknowledged themselves bound to pay the commission to Pollard, and that Chittenden and Sayre and Cocks conspired together to defeat the rights of plaintiff to the commission. The prayer was for a judgment against Sayre and Cocks for $2,500.00 and interest, and against Chittenden for the same amount, and that the judgment be declared a lien on the premises, and in default of payment that the premises be sold to satisfy the judgment. The defendants answer separately, denying all the material allegations of the complaint, except they admit the lease and option to purchase to Pollard and the deposit in escrow with the bank; but specifically deny any contract to pay a commission to Pollard.

Trial to the court resulted in a judgment of dismissal.

Counsel for appellant assume that the transaction or contract entered into by the parties evidenced by the lease and bond, deed and other papers, dated November 23d, 1899, is ambiguous and uncertain, and rely upon the rule that, where a transaction admits of two or more constructions, the law will hold parties to that construction which they themselves

contemporaneously placed on the transaction. Upon this theory evidence was introduced, over the objection of appellees, in an attempt to prove a contemporaneous construction of the contract by the parties themselves. This evidence consisted of the following order given by Pollard to Sayre:

"Denver, Sept. 15, 1900.

"To the Rocky Mountain National Bank,

"Central City, Colorado.

"In the matter of the Rebate of $2,500.00 of Hampton and Rainbow Lodes, you pay the same over to Mr. Hal Sayre, whose receipt will be received in full for the same, that is, for the rebate coming from the sale of the above properties.

"Yours respectfully,

"CHAS. W. POLLARD."

Together with testimony to the effect that Mrs. Cocks knew that Pollard had assigned his interests in the lease and bond to Chittenden, and that both Mrs. Cocks and Chittenden knew that Pollard and Mrs. Pollard claimed that $2,500.00 would become due Pollard, or his estate, when the sale of the property was made, and that all of the above parties had, at various times, admitted that such sum of money would be due Pollard, or his estate, at the completion of the sale.

With reference to the above order to the bank, Sayre testified that it was given to him by Pollard at a time when Pollard was ill and unable to leave his house, when there seemed to be a prospect of a sale, and given him for the purpose of protecting the money from Pollard's creditors; that, at the time Pollard gave him the order, he knew nothing of the terms and conditions of the assignment made by Pollard to Chittenden, but inferred from what Pollard told him that he had not assigned the rebate

of $2,500.00.   Mrs. Cocks testified that, beyond her knowledge of the fact that Pollard had assigned to Chittenden, which knowledge she gained from statements made to her by Mrs. Pollard, she knew nothing about the terms of the assignment made by Pollard.   And Chittenden testified that he knew nothing about the rebate until a short time before the deal was completed, by his purchase of the property.

And all the parties testified that any statements or admissions made by them with reference to this matter, were made under the belief that Pollard had not assigned the rebate of $2,500.00.

The evidence introduced by appellant utterly failed to afford any foundation for the contention of appellant's counsel, to the effect that the parties had construed the transaction or contract to be an employment of Pollard by appellees Sayre and Cocks as their agent or broker to sell the property, and the court below so decided.

As we read the record, there seems to be nothing uncertain or ambiguous about the transaction or contract entered into by the parties on November 23d, 1899, so far as the same is pertinent to this case. Appellees (owners of the property) gave to Pollard a written option to purchase the same at the price of $15,000.00, if paid within one year; $17,500.00, if paid within two years, and $20,000.00, if paid within three years; a deed conveying the property to Pollard was placed in escrow in the bank with instructions to the bank that, in case the sale was consummated, under the terms contained in the option, the bank was authorized to deliver the deed to Pollard, his heirs or assigns, upon receipt of a sum of money $2,500.00 less than the sum designated in the option. Under a familiar rule, the option and the instructions to the bank must be construed together, being part of one and the same transaction.   Being so con-

strued, Pollard held an option to purchase the property during the third year of the term for $17,500.00. Pollard was not bound to purchase the property at the price stipulated in the option, or at any price; he might have surrendered the lease and bond at any time, and thus have relieved himself of further obligation in the matter. It cannot be reasonably contended that there is any ambiguity or uncertainty in the transaction or the contract between the parties up to this point.

Sayre and Cocks were the owners of the property; as such, they granted a lease upon it, and an option to purchase the property to Pollard. On the one hand, the owners; on the other, a prospective purchaser. Certainly there is, in this transaction, no intimation of the relation of owners, and an agent or broker, authorized to make a sale of the property upon a commission, express or implied. Pollard, the lessee and option holder, sold and assigned the lease and option, "and all my right, title and the interest therein," to Chittenden, without stipulating that Chittenden should pay any more than he (Pollard) was obliged to pay, and without obligating Chittenden in any manner to purchase the property at the price nominated in the option. If, at the time this deal was made between Pollard and Chittenden, Pollard had intended to have reserved to himself the rebate allowed by the terms of the option, he should have done so by appropriate language, in the contract which he made. Having failed to do so, the contract must be construed as we find it. There is certainly nothing in the documents evidencing the transaction between Pollard and Chittenden, which is ambiguous or uncertain, or which calls for an explanation; it is simply a sale and assignment by Pollard of all his right, title and interest in the lease and option to Chittenden, which, so far as the option

is concerned, was Pollard's right to purchase the property at $17,500.00 within the third year of the life of the lease.

As to the reasons which influenced the parties in granting the option in the form in which they granted it, we have no concern. The judgment was right, and must be affirmed.                              *Affirmed.*

Chief Justice Steele and Mr. Justice Helm concur.

*Rehearing denied.*